# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VIRGEN, <br><br> Petitioner, <br><br> v. <br><br> SCOTT KERNAN, Secretary, <br><br> Respondent. | Case No. 16cv2537-CAB (DHB) <br><br> **ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner Anthony Virgen is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1.) He challenges a prison disciplinary conviction for possession of dangerous contraband (a cellular telephone), for which he was assessed 90 days forfeiture of custody credits, 10 days loss of yard privileges, and a 61-day placement in Privilege Group C. (Id. at 54.) He claims his federal due process rights were violated because he was convicted of possession

---

[1] Although this case was randomly referred to United States Magistrate Judge David H. Bartick pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither a Report and Recommendation nor oral argument is necessary for the disposition of this matter. See S.D. Cal. Civ.L.R. 71.1(d).

1

of his cellmate's property under a prison regulation which is unconstitutionally vague (claim one), and because there is insufficient evidence to support the finding of guilt, as there is no evidence he was aware the telephone was in his cell (claim two). (Id. at 6-10.)

Respondent has filed an Answer and lodged portions of the state court record. (ECF Nos. 10-11.) Respondent contends the state court adjudication of Petitioner's claims is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. (ECF No. 10 at 4.) Although Petitioner received several extensions of time to do so, he has not filed a Traverse.

For the reasons set forth herein, the Court finds habeas relief is unavailable because the state court adjudication of Petitioner's claims is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts. In addition, even assuming Petitioner could satisfy that standard, he has not shown a federal due process violation in connection to the disciplinary proceeding. The Court denies the Petition.

## I. Procedural Background

On February 23, 2015, during a search of the cell Petitioner shared with Inmate Terraza, a cellular telephone was found on the top of a locker. (ECF No. 1 at 27.) Petitioner and Terraza were both charged with possession of dangerous contraband in violation of California Code of Regulations, title 15, § 3006(a).[2] (Id.)

Separate disciplinary hearings were held on March 9, 2015. Terraza pleaded guilty and admitted the telephone belonged to him. (ECF No. 11-4 at 34-37.) Petitioner pleaded not guilty, and the following statement, which he denies making, was attributed to him at the hearing: "It is what it is they found it in my cell." (Id. at 20-23.) Petitioner was found

---

[2] "Inmates may not possess or have under their control or constructive possession any weapons, explosives, explosive making material, poisons or any destructive devices, nor shall they possess or assist in circulating any writing or voice recording which describes the making of any weapons, explosives, poisons, destructive devices, or cellular telephones or wireless communication devices capable of making or receiving wireless communications." Title 15, California Code of Regulations § 3006(a).

2

guilty of possession of a cellular telephone based on evidence consisting of: (1) the written report of the officer who searched the cell and found the telephone; (2) his "partial admission of guilt" from his statement; (3) a photograph of the telephone; and (4) his failure to provide "evidence or mitigating circumstances to refute" the written report of the officer who found the telephone. (ECF No. 1 at 29-30.) Both inmates were assessed 90 days forfeiture of accrued custody credits, 10 days loss of yard privileges, and a 61-day assignment to Privilege Group C. (ECF No. 11-4 at 23, 37.)

Petitioner filed an administrative appeal in which he denied making the statement attributed to him at the hearing, and argued he should not be held responsible for his cellmate's cellular telephone because prison regulations provide that he is deemed in constructive possession of a cellmate's property but at the same time prohibit him from taking control of and destroying a cellmate's property. (ECF No. 11-4 at 51-54.) The first level was bypassed and the appeal was denied at the second level on May 13, 2015, on the basis that: (a) inmates who are double-celled are equally accountable for any contraband which is found within an area under their control; (b) there was sufficient evidence to support the guilty finding; and (c) Petitioner was provided with the opportunity to refute the evidence against him but failed to do so. (<u>Id.</u> at 55-57.) Petitioner's third and final level of administrative appeal was denied on August 3, 2015, on the basis that: (a) the telephone was found in an area of his cell to which he had access; (b) he had been housed with inmate Terraza for several months and it was unlikely he was unaware the telephone was in their cell; and (c) he partially admitted guilt through his statement and failed to provide evidence challenging the veracity of the Senior Hearing Officer that he made the statement. (ECF No. 1 at 48-49.)

Petitioner filed a habeas petition in the state superior court on December 21, 2015, presenting the claims raised here. (ECF No. 11-4 at 1-59.) The court found that the filing delay and the improper use of the required form were grounds for denial, and then stated:

> Ultimately, however, Petitioner's effort has no merit, because his contentions regarding the concept of constructive possession and the standard

3

of review of the evidence in habeas corpus proceedings are incorrect. The pertinent information provided by Officer Provencio in Rules Violation Report log number 02-15-B55, was that a February 23, 2015 search of Cell B1-130, of which Petitioner and Inmate Terraza were occupants, yielded a Samsung Galaxy S III T-Mobile cell phone. At the hearing on March 9, 2015, Senior Hearing Officer Coronado found, based on the Rules Violation Report, that Petitioner violated Cal. Code Regs. tit. 15, § 3006, subd. (a) prohibiting possession of a cellular telephone, by being in constructive possession of same.

> The Rules Violation Report met the "some evidence" standard applicable on habeas corpus review that Petitioner "constructively possessed" the contraband, which is all that is required to sustain the disciplinary finding. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455; *In re Zepeda* (2008) 141 Cal.App.4th 1493, 1498-1500.) Petitioner's arguments regarding the applicability of the Penal Code and the "preponderance of the evidence" burden of proof are inapposite, as the proceedings are administrative, and are not State Court criminal proceedings. Similarly, the outcome of the administrative proceedings as to Petitioner was correct, regardless of whether his cellmate, Inmate Terraza, acknowledged ownership of the cellular telephone.

(ECF No. 11-5 at 1-2, In re Virgen, No. EHC02005, order at 2 (Cal.Sup.Ct. Jan. 8, 2016).)

Petitioner filed a habeas petition in the state appellate court raising the same claims. (ECF No. 11-6 at 1-70.) The appellate court denied the petition, stating:

> Virgen is not entitled to habeas corpus relief. Inmates are prohibited from actually or constructively possessing cellular telephones, and forfeiture of up to 90 days of conduct credits is authorized for a violation. (Cal. Code Regs., tit. 15, §§ 3006, subd. (a), 3323, subd. (f)(15).) Due process requires a prison disciplinary decision be supported by "some evidence." (*Superintendent v. Hill* (1985) 472 U.S. 445, 455; accord, *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498.) Virgen's admission the cellular telephone was found in the prison cell he shared with another inmate and the correctional officer's statement it was found in a location accessible to both inmates constitute "some evidence" to support the charged violations. (*Hill*, at p. 455; see *In re Zepeda, supra*, at pp. 1499-1500 (discussing constructive possession of contraband).) Virgen has shown no due process violation.

(ECF No. 11-7 at 1-2, In re Virgen, D069956, order at 1-2 (Cal.App.Ct. March 17, 2016).)

4

Finally, Petitioner filed a habeas petition in the state supreme court raising the same claims. (ECF No. 11-8 at 1-73.) The petition was denied with an order which stated: "Petition for writ of habeas corpus denied." (ECF No. 11-9 at 1, In re Virgen, No. S233691, order at 1 (May 25, 2016).) On October 6, 2016, Petitioner filed the instant federal habeas Petition in this Court.[3]

## II. Petitioner's Claims

Petitioner alleges in claim one that his federal due process rights were violated because the provision of the California Code of Regulations he was found guilty of violating is void for vagueness as applied to mandatory double-celled inmates, as it creates a Hobson's Choice because prison regulations require him to be found in constructive possession of a cellmate's contraband but at the same time prevent him from asserting control over it in order to dispose of a cellmate's property. (ECF No. 1 at 6-8.) In claim two he alleges his federal due process rights were violated because there is insufficient evidence to support the finding of guilt, as his cellmate admitted the telephone was his, Petitioner denied making the statement attributed to him at the disciplinary hearing, and there is no evidence he knew the telephone was in the cell. (Id. at 9-10.)

## III. Discussion

Under AEDPA, in order to obtain federal habeas relief with respect to a claim which was adjudicated on the merits in state court, a federal habeas petitioner must demonstrate that the state court adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that

---

[3] Because Petitioner is serving a determinate sentence (see ECF Nos. 1-2), the reinstatement of his forfeited custody credits would necessarily shorten the length of his confinement, and this Court has habeas jurisdiction over his claims. See Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (holding that a state prisoner's federal claims relating to imprisonment lie at "the core of habeas corpus" and are subject to the provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") if they would "necessarily lead to immediate or speedier release," or else they challenge "any other aspect of prison life" and are subject to the provisions of the Prison Litigation Reform Act and "must be brought, if at all, under [42 U.S.C.] § 1983.")

5

was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Even if § 2254(d) is satisfied, a petitioner must show a federal constitutional violation occurred in order to obtain relief. Fry v. Pliler, 551 U.S. 112, 119-22 (2007); Frantz v. Hazey, 533 F.3d 724, 735-36 (9th Cir. 2008) (en banc); see also 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court judge shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

A state court's decision may be "contrary to" clearly established Supreme Court precedent (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. Relief under the "unreasonable application" clause of § 2254(d) is available "if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." White v. Woodall, 572 U.S. ___, 134 S.Ct. 1697, 1706-07 (2014), quoting Harrington v. Richter, 562 U.S. 86, 103 (2011). In order to satisfy § 2254(d)(2), the petitioner must show that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**1. Claim One**

Petitioner alleges in claim one that his federal due process rights were violated because the regulation he was found guilty of violating is void for vagueness with respect to inmates who are forcibly double-celled. (ECF No. 1 at 6-8.) He contends the regulation

6

presents a Hobson's Choice, in that he violates the prison regulation at issue because he is deemed to be in constructive possession of any contraband belonging to his cellmate, but would also violate prison regulations if he assumed control over that contraband in order to remove it from their cell. (Id.) He argues that because no state court specifically addressed this claim, AEDPA deference does not apply. (Id. at 8.)

Respondent answers that although Petitioner cites to clearly established federal law regarding void-for-vagueness challenges to criminal statutes, he does not identify any United States Supreme Court opinion applying that doctrine to prison regulations. (ECF No. 10-1 at 9.) Respondent argues that the Ninth Circuit has implicitly found that no such clearly established federal law exists, and in its absence relief cannot be obtained under AEDPA. (Id.) Respondent also argues that, even assuming the void-for-vagueness doctrine applies to prison regulations, the claim fails because the prison regulation provided sufficient notice of constructive possession, and double-celling is inconsequential to the ordinary meaning of that term. (Id. at 10-11.)

The state supreme court denied the petition in which this claim was raised with an order which stated: "Petition for writ of habeas corpus denied." (ECF No. 11-9 at 1, In re Virgen, No. S233691, order at 1.) There is a presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991). Because the state appellate court did not address this claim, the Court will look through the silent denial by the state supreme court to the last reasoned state court decision addressing it, the superior court order denying habeas relief:

> Petitioner's arguments regarding the applicability of the Penal Code and the "preponderance of the evidence" burden of proof are inapposite, as the proceedings are administrative, and are not State Court criminal proceedings. Similarly, the outcome of the administrative proceedings as to Petitioner was correct, regardless of whether his cellmate, Inmate Terraza, acknowledged ownership of the cellular telephone.

(ECF No. 11-5 at 1-2, In re Virgen, No. EHC02005, order at 2.)

7

Petitioner argued in his superior court petition that the regulation was void as vague under the Fourteenth Amendment's Due Process Clause in part because the constructive possession doctrine conflicts with California Penal Code § 2932, which provides for restrictions on the forfeiture of custody credits. (ECF No. 11-4 at 9, 12-16.) It is unclear whether the superior court denied this claim on the basis that the void-for-vagueness doctrine, although applicable to state criminal statues, does not apply to prison disciplinary regulations. However, for the following reasons, Petitioner is not entitled to habeas relief irrespective of whether the state court adjudicated the claim on that basis or failed to specifically address the claim.

In Castro, the case cited by Respondent, the Ninth Circuit assumed without deciding that the void-for-vagueness doctrine applied to a prison regulation regarding the definition of an "associate" of a gang, and noted that there did not appear to be any cases finding such prison administrative regulations unconstitutionally vague. Castro v. Terhune, 712 F.3d 1304, 1310 (9th Cir. 2013). However, Castro noted that some federal courts have applied the void-for-vagueness doctrine to prison disciplinary regulations which, unlike prison administrative regulations, impose sanctions for particular conduct. Id. at 1310, n. 3, citing Newell v. Sauser, 79 F.3d 115, 117-18 (9th Cir. 1996) (collecting cases). Nevertheless, it is clear that the absence of controlling United States Supreme Court precedent applying the void-for-vagueness doctrine to the prison disciplinary context effectively insulates a state court decision from federal habeas review under AEDPA. Wright v. Van Patten, 552 U.S. 120, 126 (2008). Although the Ninth Circuit has recognized that the void-for-vagueness doctrine has been applied to prison disciplinary regulations, Ninth Circuit "precedent may [not] be used to refine or sharpen a general principle of Supreme Court Jurisprudence into a specific legal rule that the Supreme Court has not announced." Marshall v. Rodgers, 569 U.S. 58, 64 (2013). Petitioner has failed to identify any United States Supreme Court precedent extending the void-for-vagueness doctrine from state criminal law to prison disciplinary regulations, and the state court denial of this claim therefore does not provide a basis for federal habeas relief under AEDPA. Id.

However, Petitioner argues because the state court ignored this claim it was not "adjudicated on the merits" in state court and therefore AEDPA does not apply. Where there is no reasoned state court decision to review, Petitioner still bears the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. Even to the extent that no state court specifically addressed this claim, the Court must nevertheless presume the claim was denied on the merits and apply AEDPA. See id. at 99-100 (holding that an unexplained denial of a claim by the California Supreme Court is an adjudication on the merits of the claim entitled to AEDPA deference unless "there is reason to think some other explanation for the state court's decision is likely.") Accordingly, even if Petitioner is correct that no state court specifically addressed claim one, the claim would fail under AEDPA for the same reasons discussed above, because there is no clearly established federal law applicable to the claim.

Finally, even assuming AEDPA does not apply, or assuming Petitioner could satisfy the provisions of 28 U.S.C. § 2254(d)(1) or (2), he still must show the existence of a federal constitutional violation in order to obtain relief. Fry, 551 U.S. at 119-22; Frantz, 533 F.3d at 735-36. For the following reasons, even applying the void-for-vagueness doctrine, Petitioner has failed to show his federal due process rights were violated.

"Our cases establish that the Government violates [the guarantee of due process] by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551, 2556 (2015); see Grayned v. City of Rockford, 408 U.S. 104, 108 (1972) ("[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.") The Supreme Court has noted that:

> As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Hoffman

Estates v. Flipside, Hoffman Estates, Inc., [455 U.S. 489 (1982)]; <u>Smith v. Goguen</u>, 415 U.S. 566 (1974); <u>Grayned v. City of Rockford</u>, 408 U.S. 104 (1972); <u>Papachristou v. City of Jacksonville</u>, 405 U.S. 156 (1972); <u>Connally v. General Construction Co.</u>, 269 U.S. 385 (1926). Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine "is not actual notice, but the other principal element of the doctrine-the requirement that a legislature establish minimal guidelines to govern law enforcement." <u>Smith</u>, 415 U.S. at 574. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep (that) allows policemen, prosecutors, and juries to pursue their personal predilections." <u>Id.</u>, at 575.

<u>Kolender v. Lawson</u>, 461 U.S. 352, 357-58 (1983).

The prison regulation Petitioner violated provides that: "Inmates may not possess or have under their control or constructive possession any . . . cellular telephones or wireless communication devices capable of making or receiving wireless communications." Title 15, California Code of Regulations § 3006(a). The regulation clearly provides a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." <u>Grayned</u>, 408 U.S. at 108. It provided Petitioner with adequate notice that having a cellular telephone under his control or in his constructive possession constitutes a violation. He takes exception to the constructive possession doctrine in the context of mandatory double-celling because he claims he should not be held responsible for a cellmate's contraband when the prison regulations also prevent him from taking possession of a cellmate's property, which he would have to do in order to remove it from the cell and avoid constructive possession. However, California law clearly provides that possession of property, whether actual or constructive, requires "that the accused had the right to exercise dominion and control over the contraband or at least that he had the right to exercise control over the place where it was found." <u>People v. Rice</u>, 59 Cal.App.3d 998, 1002 (1976); <u>id.</u> at 1002-03 ("Conviction is not precluded, however, if the defendant's right to exercise dominion and control over the place where the contraband was located is shared with another.")

The cellular telephone was found in an area over which Petitioner had the right to exercise dominion and control, lying on top of, not inside, a locker, albeit one apparently assigned to his cellmate. Petitioner has not shown that the prison regulation is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson, 135 S.Ct. at 2556. Nor does it provide "such minimal guidelines" as to permit "a standardless sweep" which allows the prison authorities "to pursue their personal predilections." Smith, 415 U.S. at 575. This claim fails because the regulation provided Petitioner with adequate notice that he is responsible for contraband found in an area of his cell over which he has the right to exercise dominion and control, and he has shown nothing arbitrary about its enforcement. Johnson, 135 S.Ct. at 2556; see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 503 (1982) ("[T]he principal inquiry is whether the law affords fair warning of what is proscribed.")

In sum, the state court adjudication of claim one is neither contrary to, nor involves an unreasonable application of, clearly established federal law, because there is no clearly established federal law applicable to the claim. Neither has Petitioner shown that it was based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings. Furthermore, even assuming Petitioner could satisfy those standards, or they do not apply, he has failed to demonstrate that his federal due process rights were violated by having been found guilty of violating an unconstitutionally vague prison regulation. Habeas relief is denied as to claim one.

**2. Claim Two**

In his second claim, Petitioner alleges that insufficient evidence supports the finding of guilt because there is no evidence in the record whatsoever that he was aware the telephone was in his cell. He argues that he was assigned the lower bunk and the lower locker, but the telephone was found on top of the upper locker assigned to his cellmate, and that his cellmate admitted owning the telephone. (ECF No. 1 at 9-10.) He denies making the statement: "It is what it is they found it in my cell." (Id.)

Respondent answers that the adjudication by the state court is objectively reasonable within the meaning of 28 U.S.C. § 2254(d), because "some evidence" exists to support the finding that Petitioner constructively possessed the telephone, specifically, that both inmates were in the cell when the search began, and the telephone was found in a common area easily assessable to both inmates. (ECF No. 10-1 at 11-14.)

The Court will look through the silent denial of this claim by the state supreme court to the last reasoned state court decision to address the claim, the state appellate court order denying habeas relief:

> Inmates are prohibited from actually or constructively possessing cellular telephones, and forfeiture of up to 90 days of conduct credits is authorized for a violation. (Cal. Code Regs., tit. 15, §§ 3006, subd. (a), 3323, subd. (f)(15).) Due process requires a prison disciplinary decision be supported by "some evidence." (*Superintendent v. Hill* (1985) 472 U.S. 445, 455; accord, *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498.) Virgen's admission the cellular telephone was found in the prison cell he shared with another inmate and the correctional officer's statement it was found in a location accessible to both inmates constitute "some evidence" to support the charged violations. (*Hill*, at p. 455; see *In re Zepeda, supra*, at pp. 1499-1500 (discussing constructive possession of contraband).) Virgen has shown no due process violation.

(ECF No. 11-7 at 1-2, In re Virgen, D069956, order at 1-2.)

The United States Supreme Court in Hill held that "revocation of good time does not comport with 'the minimum requirements of procedural due process' . . . unless the findings of the prison disciplinary board are support by some evidence in the record." Hill, 472 U.S. at 454, quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974) (holding that federal due process requires procedural protections before a prisoner can be deprived of a state-created liberty interest in good time custody credits). Even a single piece of evidence may be sufficient to meet the Hill standard, provided it has "sufficient indicia of reliability." Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

The case relied on by the appellate court, Zepeda, held that contraband found in a common area of a cell equally accessible to both inmates provided "some evidence" of constructive possession, despite Zepeda's denial of knowledge of its existence, despite his

cellmate's acknowledgement that it belonged to him, and despite the fact that the disciplinary board did not negate the possibility that the contraband was in the shared cell without Zepeda's knowledge. See Zepeda, 141 Cal.App.4th at 1498-1500. Actual or constructive possession under California law requires "that the accused had the right to exercise dominion and control over the place where [the contraband] was found." Rice, 59 Cal.App.3d at 1002. Federal habeas courts "are bound by a state court's construction of its own laws." Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993). The interpretation of state law by a state court "binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005); see also Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989) (holding that a federal court must defer to the state court interpretation of state law unless it is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation.") For the following reasons, Petitioner has not shown a federal due process violation based on the quantum of evidence.

The Senior Hearing Officer found, by a preponderance of the evidence, that Petitioner was guilty of possession of a cellular telephone. (ECF No. 1 at 29-30.) The evidence relied on consisted of: (1) the written report of the reporting employee, the officer who searched the cell and found the telephone; (2) Petitioner's "partial admission of guilt" from his statement: "It is what it is they found it in my cell."; (3) a photograph of the telephone; and (4) Petitioner's failure to provide "evidence or mitigating circumstances to refute the reporting employee's written report." (Id.) Because Petitioner had access to the common area of the cell where the telephone was found (on the top of, not inside, the locker assigned to his cellmate), the finding of constructive possession has "some basis in fact." Hill, 472 U.S. at 456 ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.") (internal citations omitted). Although Petitioner denies making the statement, "It is what it is they found it in my cell,"

which the Senior Hearing Officer and state court found to be a partial admission of guilt, (presumably an admission the telephone was found in his cell), other evidence exists to prove the telephone was found in his cell, namely, the report of the officer who found the telephone. Petitioner has come forward with no evidence, here or in state court, to dispute that the telephone was found in a common area of his cell. This Court is not permitted to grant relief for the reasons Petitioner requests, that the disciplinary board did not properly weigh the evidence before it, that it neglected or failed to properly consider evidence pointing to the possibility that he may have been unaware the telephone was in the cell, or improperly attributed an admission of guilt to his statement. See Hill, 472 U.S. at 455-56 ("Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there any evidence in the record that could support the conclusion reached by the disciplinary board.")

Claim two fails because there is "some evidence" in the record to support the disciplinary board's finding that Petitioner was in constructive possession of a cellular telephone. It was found in a common area of his cell in a place to which he had access. He did not deny it was there or refute in any way the evidence as to where it was found, and did not produce any evidence to show it was in an area over which he lacked dominion and control. Thus, his claim there is insufficient evidence in the record to support the guilty finding because there is no evidence that he was aware the telephone was in his cell, or because his cellmate admitted it was his, does not provide a basis for federal habeas relief. See Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (noting that the Hill standard is "minimally stringent" and "the court is not to make its own assessment of the credibility of the witnesses or reweigh the evidence."), citing Hill, 472 U.S. at 455.

The Court finds that the state court adjudication of claim two is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Hill, 472 U.S. at 455-56. Neither is it based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings. See Davis v. Woodford, 384 F.3d 628, 638

(9th Cir. 2004) ("A state court decision 'based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.'"), quoting Miller-El, 537 U.S. at 340. Even assuming Petitioner could satisfy 28 U.S.C. § 2254(d), he is not entitled to relief because there is sufficient evidence in the record to satisfy the Hill standard irrespective of any deference due to the state court findings. Habeas relief is denied as to claim two.

## IV. CONCLUSION

For all of the foregoing reasons, the Petition for a Writ of Habeas Corpus is **DENIED**.

Dated: January 23, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge